IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| BOBBY BRASFIELD | ) | |
| | ) | |
| v. | ) | NO. 3:11-1134 |
| | ) | |
| MARTINREA FABCO AUTOMOTIVE | ) | |
| STRUCTURES (USA), INC. | ) | |

To: Honorable Aleta A. Trauger, District Judge

# REPORT AND RECOMMENDATION

By Order entered August 9, 2013 (Docket Entry No. 34), the Court referred this removed action to the Magistrate Judge for case management, decision on all pretrial, nondispositive motions and report and recommendation on all dispositive motions under 28 U.S.C. § 636(b)(1), and to conduct any necessary proceedings under Rule 72 of the Federal Rules of Civil Procedure.

Presently pending are two motions filed by the pro se plaintiff: a motion to transfer the action to state court (Docket Entry No. 56) and a motion for summary judgment (Docket Entry No. 58). Also before the Court is the defendant's response (Docket Entry No. 57) to the motion to transfer. For the reasons set out below, the Court recommends that both motions be denied.

## I. BACKGROUND

The plaintiff, a Tennessee resident, filed this action on October 25, 2011, in the Circuit Court for Robertson County, Tennessee, against Martinrea Fabco Automotive Structures (USA), Inc. ("Martinrea") , a Michigan corporation with its principal place of business in Ontario, Canada. See

Docket Entry No. 1, Exhibit G. The plaintiff is a former employee of Martinrea whose employment was terminated on July 28, 2008. He asserts that, prior to his termination, he had made a claim for workers' compensation benefits for an injury he suffered at work. He alleges that his workers' compensation claim was a substantial factor in the defendant's decision to terminate his employment and brings a claim for retaliatory discharge against the defendant under Tennessee law.

On November 30, 2011, the defendant filed a Notice of Removal of the action to the United States District Court for the Middle District of Tennessee, pursuant to 28 U.S.C. §§ 1441 and 1446, asserting that diversity jurisdiction exists under 28 U.S.C. § 1332, and the action was removed to this Court. See Docket Entry No. 1. The parties have engaged in pretrial activity and have a deadline of April 15, 2013, for filing of any dispositive motions. See Order entered October 10, 2012 (Docket Entry No. 44). The plaintiff was represented by counsel when the action was filed in state court and continued to be represented after removal until counsel was permitted to withdraw on June 8, 2012. See Docket Entry No. 22. By a notice filed August 8, 2012 (Docket Entry No. 32), the plaintiff stated that he would proceed pro se in the action.

On February 14, 2013, the plaintiff filed a motion to transfer the action to the Circuit Court for Robertson County, Tennessee, arguing that:

> Pursuant to TCA 16-2-107, Plaintiff moves the Court of an order transferring this action to the Circuit Court sitting in this judicial district. For grounds, movant shows that this action is filed in this Court improperly because the claim before this Court is related to a Workers' Compensation injury. Therefore [it] should be heard in the Court where it was originally filed. That Court has subject matter jurisdiction. Defendant agrees that this Court lacks subject matter jurisdiction.

See Docket Entry No. 56, at 1. The defendant opposes this motion asserting that it does not agree that this Court lacks subject matter jurisdiction, that case laws supports a finding of subject matter

2

jurisdiction over diversity cases that raise a state tort claim for retaliatory discharge because of the filing of a workers' compensation claim such as the plaintiff's claim, that the Tennessee statute cited by the plaintiff has no relevance to the issue of remand, and that the plaintiff has not set forth any legal basis supporting his request that the action be remanded back to the state court. See Response in Opposition (Docket Entry No. 57).

On March 19, 2013, the plaintiff filed a motion for summary judgment. The single page motion states:

> Comes Plaintiff pursuant to TRCP 56, and moves the court for summary judgment in its favor on all issues in this case and for grounds would show that there is no genuine issue as to any material fact and that it is entitled to a judgment as a matter of law.
>
> Movant relies upon the answers to interrogatories, documents produced, and the pleadings, which are attached hereto as Exhibit A, B, C.

See Docket Entry No. 58. Attached to the motion are copies of the defendant's termination letter to the plaintiff, a letter from the Tennessee Workers' Compensation Division to a physician about the plaintiff, and a copy of medical record regarding the plaintiff. Id. at 3-5. The defendant has not responded to the plaintiff's motion for summary judgment, and the time for filing a response has not run.

## II. CONCLUSIONS

A. Motion to Transfer

Although styled as a motion to transfer, the plaintiff actually seeks to have this action remanded back to the state court in which it was originally filed and the Court views his motion as one for remand of the action brought under 28 U.S.C. § 1447(c). Although somewhat inartfully

3

stated, it appears that the plaintiff raises three grounds in support of his motion: 1) Tenn.Code.Ann. § 16-2-107 requires that the action be remanded; 2) the defendant agrees that federal subject matter jurisdiction does not exist; and 3) his claim is related to a workers' compensation injury and, thus, was improperly removed to this Court.[1]

The plaintiff's motion lacks merit and should be denied. Tenn.Code.Ann § 16-2-107 pertains to the transfer of a civil case between state courts. As the defendant correctly argues, this statute has no relevance to the issue of whether the instant action is properly before this Court, and the statute in no way compels the remand of the instant action to the state court. With respect to the plaintiff's assertion that the defendant "agrees that this Court lacks subject matter jurisdiction," while the Court recognizes why, based on the defendant's pleadings,[2] the pro se plaintiff would believe this to be the defendant's position, the facts that the defendant removed this action in the first instance, that the defendant agreed in the Initial Case Management Order that jurisdiction was proper in this Court, and that the defendant has opposed the plaintiff's motion to transfer all clearly indicate that the defendant's actual position is that this Court has subject matter jurisdiction over this action and that the plaintiff's retaliatory discharge claim is properly before this Court.

---

[1] The plaintiff does not challenge that there is diversity jurisdiction, and in the Initial Case Management Order entered February 10, 2012, he agreed that diversity jurisdiction existed in this action and did not contest jurisdiction. See Docket Entry No. 16, at 1 and 2.

[2] In its Answer and Amended Answer, the defendant included as an affirmative defense the statement that "Plaintiff's claims against Defendant are barred, in whole or in part, and this Court lacks subject matter jurisdiction, to the extent there is an to (sic) exclusive remedy available to Plaintiff, under any applicable law, including but not limited to, Tennessee's Workers' Compensation law, Tenn. Code Ann § 50-6-101, et seq." See Docket Entry No. 51, at 3-4 and Docket Entry No. 2, at 3.

Finally, the plaintiff has not shown any legal basis requiring that this action be remanded to the state court. Although the plaintiff does not expressly argue it, his assertion that his action is improperly before this Court because it is related to a workers' compensation injury is essentially an argument that the provision of 28 U.S.C. § 1445 applies.

Section 1445 provides that "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." In Harper v. Auto Alliance Int'l, 392 F.3d 195 (6th Cir. 2004), the Sixth Circuit reviewed this provision and found that a case "arises under" workers' compensation law only when the workers' compensation law created the cause of action, or when the plaintiff's "right to relief necessarily depends on resolution of a substantial question of workmen's compensation law." 392 F.3d at 203. See also Nixon v. Waste Mgmt., Inc., 156 Fed. Appx. 784, 785 (6th Cir. Nov. 21, 2005). In Tennessee, a claim of retaliatory discharge for filing a worker's compensation claim is a common law tort created by the Supreme Court of Tennessee in Clanton v. Cain-Sloan Co., 677 S.W. 2d 441, 445 (Tenn. 1984). See Hodges v. S.C. Toof & Co., 833 S.W.2d 896, 899 (Tenn. 1992). Therefore, because the plaintiff's retaliatory discharge claim is not a claim created under Tennessee's workers' compensation law, it would only be nonremovable if the plaintiff shows that his right to relief necessarily depends on resolution of a substantial question of Tennessee's workers' compensation law. He has not made this showing, and he merely alleges that his filing of a workers' compensation claim was a substantial factor in his termination. There do not appear to be any questions, substantial or insubstantial, of workers' compensation law that must be resolved in this action. Accordingly, 28 U.S.C. § 1445 (c) does not prevent the removal of this case from state court, and

5

this action is properly before this Court. See also Memorandum and Order entered March 27, 2012 (Docket Entry No. 11), in White v. (The) Gap, Inc., 3:12-0183 (Trauger, J.).[3]

B. Motion For Summary Judgment

Although the plaintiff attaches three exhibits to his motion for summary judgment, he fails to actually show that there are no genuine disputes as to any material facts, he fails to cite to particular parts of the record in support of such a showing, and he fails to offer any type of actual argument showing that he is entitled to judgment as a matter of law in his favor. As such, there is no basis upon which to grant his motion under Rule 56 of the Federal Rules of Civil Procedure. Additionally, the plaintiff has not complied with Local Rule of Court 56.01(b), which requires that he support his motion with a concise statement of the material facts as to which he contends there is no genuine issue for trial, and with Local Rule of Court 7.01(a), which requires that his motion be accompanied by a memorandum of law that contains a statement of the factual and legal issues which justify the grant of summary judgment in his favor. For these reasons, the plaintiff's motion for summary judgment in his favor should be denied.

---

[3] In White, the Court declined to follow Brown v. Fed Ex Freight, Inc., 2010 WL 1963385 (M.D. Tenn. May 17, 2010) (Campbell, J.).

# R E C O M M E N D A T I O N[4]

For the reasons set out above, the Court respectfully RECOMMENDS that the plaintiff's motion to transfer (Docket Entry No. 56) and the plaintiff's motion for summary judgment (Docket Entry No. 58) both be DENIED.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of the Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

                          Respectfully submitted,

                          JULIET GRIFFIN
                          United States Magistrate Judge

---

[4] In accordance with Vogel v. U.S. Office Products Co., 258 F.3d 509 (6th Cir. 2001), the Magistrate Judge has construed the motion to remand as a dispositive motion requiring a Report and Recommendation.