IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

BOBBY BRASFIELD )
)
v. ) NO. 3:11-1134
)
MARTINREA FABCO AUTOMOTIVE )
STRUCTURES (USA), INC. )

To: Honorable Aleta A. Trauger, District Judge

# R E P O R T   A N D   R E C O M M E N D A T I O N

By Order entered August 9, 2013 (Docket Entry No. 34), the Court referred this action to the Magistrate Judge for case management, decision on all pretrial, nondispositive motions and report and recommendation on all dispositive motions under 28 U.S.C. § 636(b)(1), and to conduct any necessary proceedings under Rule 72 of the Federal Rules of Civil Procedure.

Presently pending is the defendant's motion for summary judgment (Docket Entry No. 62), to which the plaintiff has responded. See Docket Entry No. 71. Also before the Court is the defendant's reply. See Docket Entry No. 74. For the reasons set out below, the Court recommends that the motion for summary judgment be granted and this action be dismissed.

## I. BACKGROUND

The plaintiff is a Tennessee resident. He filed this action on October 25, 2011, in the Circuit Court for Robertson County, Tennessee, seeking damages against Martinrea Fabco Automotive Structures (USA), Inc. ("Martinrea"), a Michigan corporation with its principal place of business

in Ontario, Canada. See Docket Entry No. 1, Exhibit G. The plaintiff is a former employee of Martinrea who worked as a maintenance technician at Martinrea's Springfield location and whose employment was terminated on July 28, 2008. He asserts that, prior to his termination, he had made a claim for workers' compensation benefits for a knee injury he suffered at work on June 29, 2008. He alleges that his workers' compensation claim was a substantial factor in the defendant's decision to terminate his employment and brings a claim for retaliatory discharge against the defendant under Tennessee law.

On November 30, 2011, the defendant filed a Notice of Removal of the action to the United States District Court for the Middle District of Tennessee, pursuant to 28 U.S.C. §§ 1441 and 1446, on the basis of diversity jurisdiction under 28 U.S.C. § 1332, and the action was removed to this Court. See Docket Entry No. 1. The parties have engaged in pretrial activity. See Order entered October 10, 2012 (Docket Entry No. 44). The plaintiff was represented by counsel when the action was filed but counsel was permitted to withdraw on June 8, 2012. See Docket Entry No. 22. By a notice filed August 8, 2012 (Docket Entry No. 32), the plaintiff stated that he would proceed pro se. By Order entered April 24, 2013 (Docket Entry No. 66), the Court denied the plaintiff's motion to transfer the action to the state court (Docket Entry No. 56) and denied the plaintiff's motion for summary judgment (Docket Entry No. 58).

In its motion for summary judgment, the defendant relies upon the declaration of Human Resources Manager Stan Creekmore (Docket Entry No. 62-2), the transcript of the plaintiff's deposition (Docket Entry No. 62-3), and copies of documents (Docket Entry Nos. 62-4 through 62-7). The defendant asserts that after the plaintiff notified the defendant of his injury, he was examined on July 3, 2008, by a physician's assistant at the NorthCrest Medical Center ("NorthCrest"), a

2

medical provider selected by the plaintiff, was directed to return to work with certain restrictions on that day, and was scheduled for a follow up appointment on July 7, 2008. See Docket Entry No. 62-2, at 5. The defendant contends the plaintiff did not return to work on July 3, 2008, or on any day after July 3, 2008, and failed to appear for his follow-up appointment on July 7, 2008. Id. at 2-3. The defendant asserts that Mr. Creekmore spoke to the plaintiff by telephone about the plaintiff's work absences and the injury and sent the plaintiff a letter, dated July 16, 2008, memorializing the events that had occurred and notifying the plaintiff that an appointment with NorthCrest physician Dr. Basell had been scheduled on July 24, 2008. See Docket Entry No. 62, at 11. By a letter, dated July 28, 2008, the plaintiff was notified that his appointment with Dr. Basell on July 24, 2008, had confirmed that there was no reason preventing him from returning to work with restrictions on July 3, 2008, and that the plaintiff was being terminated for violating the defendant's attendance policy. See Docket Entry No. 62-2, at 8. The defendant further asserts that the plaintiff admitted in his deposition that he had no facts that would indicate that he was terminated because of his injury. See Docket Entry No. 62-3, at 20-21.

In light of these facts, the defendant argues that the plaintiff cannot prove a retaliatory discharge claim and that genuine issues of material fact do not exist which require resolution of the case at trial. The defendant contends that the plaintiff was terminated in accordance with its absentee policy because of his excessive absences after his injury and that his filing of a workers' compensation claim played no role in that employment decision. The defendant further argues that evidence uncovered during discovery revealed that the plaintiff did not provide complete and accurate information on his employment application, which would have provided grounds for his discharge had the defendant known about the misrepresentations and omissions.

3

In response to the defendant's motion, the plaintiff filed an "answer" to the defendant's Statement of Material Facts. See Docket Entry No. 71. The plaintiff asserts that he was not seen by a physician on July 3, 2008, which he contends violated Tennessee law, and that he should not have been deemed absent from work after July 3, 2008, because he was under the care of a workers' compensation doctor from June 29, 2008, to July 25, 2008, and was directed to be off work during this time. He also alleges that documents were removed from his medical records at the NorthCrest Care Center, where he was seen on July 3, 2008. In support of his contentions, the plaintiff attaches to his response copies of documents. See Docket Entry No. 71-1.

## II. STANDARD OF REVIEW

A motion for summary judgment is reviewed under the standard that summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) of the Federal Rules of Civil Procedure. See also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A "genuine issue of material fact" is a fact which, if proven at trial, could lead a reasonable jury to return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In considering whether summary judgment is appropriate, the Court must "look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial." Sowards v. Loudon Cnty., 203 F.3d 426, 431 (6th Cir.), cert. denied, 531 U.S. 875, 121 S.Ct. 179, 148 L.Ed.2d 123 (2000). In reviewing a motion for summary judgment, the Court must view the evidence and all inferences drawn from underlying facts "in the light most favorable to the party opposing the motion." See Matsushita Elec. Indus. Co. v. Zenith

Radio Corp., Ltd., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); Gribcheck v. Runyon, 245 F.3d 547, 550 (6th Cir.), cert. denied, 534 U.S. 896, 122 S.Ct. 217, 151 L.Ed.2d 155 (2001).

The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the non-moving party. Anderson, at 249-50. However, "[t]he moving party need not support its motion with evidence disproving the non-moving party's claim, but need only show that 'there is an absence of evidence to support the non-moving party's case.'" Hayes v. Equitable Energy Res. Co., 266 F.3d 560, 566 (6th Cir. 2001) (quoting Celotex Corp., 477 U.S. at 325).

"Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint." Goins v. Clorox Co., 926 F.2d 559, 561 (6th Cir. 1991). The party opposing the motion for summary judgment may not rely solely on the pleadings but must present evidence supporting the claims asserted by the party. Banks v. Wolfe Cnty. Bd. of Educ., 330 F.3d 888, 892 (6th Cir. 2003). Moreover, conclusory allegations, speculation, and unsubstantiated assertions are not evidence, and are not sufficient to defeat a well-supported motion for summary judgment. See Lujan v. National Wildlife Fed'n, 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990). In other words, to defeat summary judgment, the party opposing the motion must present affirmative evidence to support his or her position; a mere "scintilla of evidence" is insufficient. Bell v. Ohio State Univ., 351 F.3d 240, 247 (6th Cir. 2003) (quoting Anderson, 477 U.S. at 252).

## III. ANALYSIS

Tennessee recognizes the common law cause of action of retaliatory discharge for filing a claim for workers' compensation. See Hodges v. S.C. Toof & Co., 833 S.W.2d 896, 899 (Tenn. 1992); Clanton v. Cain-Sloan Co., 677 S.W.2d 441, 444 (Tenn. 1984). To establish a prima facie case of retaliatory discharge, a plaintiff must prove that: 1) he was an employee of the defendant at the time of the injury; 2) he made a claim for workers' compensation benefits; 3) the defendant terminated his employment; and (4) the claim for workers' compensation benefits was a substantial factor in the defendant's motivation to terminate his employment. Anderson v. Standard Register Co., 857 S.W.2d 555, 558 (Tenn. 1993); Frizzell v. Mohawk Indus., 2006 WL 1328773, at *3 (Tenn. Ct. App. May 15, 2006).[1]

To meet the substantial factor requirement, the plaintiff must show either direct or "compelling circumstantial evidence" of a causal connection between the workers' compensation claim and the termination. Frizzell, 2006 WL 132877, at *3; Thomason v. Better-Bilt Aluminum Prods., Inc., 831 S.W.2d 291, 293 (Tenn. Ct. App. 1992); Reed v. Alamo Rent-a-Car, Inc., 4 S.W.3d

---

[1]In Perkins v. Metropolitan Government of Nashville, 380 S.W.3d 73 (Tenn. 2012), the Tennessee Supreme Court noted that Anderson was overruled by Gossett v. Tractor Supply Co., 320 S.W.3d 777, 785 (Tenn. 2010), to the extent that the Court in Anderson had adopted use of the burden shifting framework of McDonnell Douglas v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), in analyzing Tennessee common law retaliatory discharge claims upon a motion for summary judgment. Perkins, 380 S.W.3d at 79 n.8. The Court in Perkins also noted that the Tennessee General Assembly had enacted Tenn. Code Ann. § 4-21-311(e) in 2011 in response to the decision in Gossett, but that the issues involved in Perkins did not require the Court to address or reconcile Gossett and Section 4-21-311(e).

To the extent that Anderson sets out the essential elements of a workers' compensation retaliatory discharge claim, Anderson remains good law and is cited for this proposition. As set out infra, the evidentiary support for the plaintiff's claim is so lacking that it is not necessary to address any burden shifting analysis.

677, 685 (Tenn. Ct. App. 1999). Tennessee courts have offered guidance about what types of evidence satisfy this standard:

> [A] plaintiff cannot establish causation by testifying that [he] cannot think of any other reason for [his] discharge. The plaintiff's subjective beliefs or speculations are insufficient to create the requisite causal relationship.
>
> Moreover, a plaintiff may not prevail on a wrongful discharge claim merely by showing that a causal connection exists between [his] on-the-job injury and [his] subsequent discharge. Instead, the plaintiff must show that [his] claim for workers' compensation benefits, as opposed to [his] injury, was the true or substantial reason for [his] discharge.

Reed, 4 S.W.3d at 685. See also Campbell v. Eagle Bend Mfg., Inc., 2011 WL 2471493, at *6 (E.D. Tenn. June 22, 2011). In considering the types of evidence that might meet this standard, the Tennessee Court of Appeals explains:

> In an effort to prove causation, a plaintiff can present circumstantial evidence in numerous forms, to include the employer's knowledge of the compensation claim, the expression of a negative attitude by the employer toward an employee's injury, the employer's failure to adhere to established company policy, discriminatory treatment when compared to similarly situated employees, sudden and marked changes in an employee's performance evaluations after a workers' compensation claim, or evidence tending to show that the stated reason for discharge was false.

Newcomb v. Kohler Co., 222 S.W.3d 368, 391 (Tenn. Ct. App. 2006) (internal citations omitted). Temporal proximity alone between the claim and the termination is insufficient to prove causation. See Cooper v. Wyndham Vacation Resorts, Inc., 570 F. Supp. 2d 981, 986 (M.D. Tenn. 2008) (holding that evidence was insufficient to establish causation even though plaintiff was fired five weeks after filing workers' compensation claim); Conatser v.Clarksville Coca-Cola Bottling Co., 920 S.W.2d 646, 648 (Tenn. 1995) (evidence was insufficient to establish causation even though plaintiff was fired three weeks after his injury, during which time he received workers' compensation benefits and three days after returning to work from the underlying injury).

7

The plaintiff has not presented any direct or compelling circumstantial evidence showing a causal connection between his filing of a workers' compensation claim and his termination. In his deposition, he acknowledged that he has no actual evidence supporting his claim that he was unlawfully terminated and that he believed it was his injury, not the filing of his workers' compensation claim, that was the reason for his termination. See Docket Entry No. 62-3, at 20-21. However, the plaintiff's mere belief or feeling that he was terminated unlawfully is not evidence that proves his claim. See Cooper, 570 F.Supp.2d at 986. Further, such a belief, even if supported by actual evidence, does not support a retaliatory discharge claim because it is the filing of a workers' compensation claim, as opposed to the injury itself, that must be the alleged motivation for the discharge. See Reed, 4 S.W.3d at 685. Indeed, "a plaintiff may not satisfy the causation requirement merely by showing that her employer required her to return to work over her objection that she was medically unable to work." Id.

To the extent that the plaintiff attempts to support his claim with the documents accompanying his response to the motion for summary judgment, these documents fall far short of offering evidentiary support for his claim. The first document (Docket Entry No. 71-1, at 3) is a copy of the choice of physician form filled out by the plaintiff and defendant, the second document (Docket Entry No. 71-1, at 4-6) is merely a printout of a website listing the test of Tenn. Code. § 56-6-204, and the fourth document (Docket Entry No. 71-1, at 8-10) is a copy of his employment application. None of these documents offer any evidence supporting a showing of causation. The plaintiff makes repeated arguments that the defendant violated Tennessee Code § 50-6-204 by sending him to a walk-in clinic where he was seen by a physician's assistant instead of a physician. However, even if true, this fact fails to show the causation necessary for the plaintiff to succeed on

his claim. Additionally, the plaintiff has not disputed the defendant's evidence that he was, in fact, subsequently examined by Dr. Basell on July 24, 2008.

The third and fifth documents are a copy of a letter, dated August 29, 2008, from Mary Henderson, a Tennessee Workers' Compensation Specialist, to Dr. Basell (Docket Entry No. 71-1, at 7) and a copy of a document entitled Work Comp Referral Call Notes, which appears to be telephone notes from an unidentified individual (Docket Entry No. 71-1, at 11-12). Initially, the Court notes that the plaintiff has not offered any foundation for the two documents and has not shown that they would be admissible. As such, they are not properly before the Court and should not be considered in review of the plaintiff's opposition to the motion for summary judgment.

However, even if these two documents were properly before the Court, they fail to offer compelling circumstantial evidence in support of the plaintiff's claim. The telephone notes do not contain any information relevant to the issue of causation. The August 29, 2008, letter requests information from Dr. Basell and contains two questions to Dr. Basell at the bottom of the letter, the second of which queried:

> The condition or injury for which I treated the above named Employee required that the Employee to be off from work between these dates; from _____ to _____.
>
> Yes _____   No _____   Not applicable _____

See Docket Entry No. 71-1, at 7. Handwritten into the date blanks are the dates "6/29/08" and "7/25/08." Id. The "Yes" and "No" blanks are left open, a checkmark with a squiggle line through it is handwritten in the "Not Applicable" blank, and the initials "JBB" are handwritten next to the question. Id. The plaintiff contends that this document shows that he was restricted from returning

to work during this time period and, thus, his absences from work should be excused and he should not have been deemed in violation of the Defendant's absentee policy.

This document is less than compelling evidence in favor of the plaintiff for several reasons. First, the document itself does not conclusively show that the plaintiff was restricted from returning to work. At best, the handwritten answer at the bottom of the letter is unclear and confusing as to the actual answer purportedly provided by Dr. Basell. Without a supporting affidavit or other evidence from Dr. Basell, which has not been provided by the plaintiff, it cannot be determined from the handwritten answer what Dr. Basell intended. Second, the plaintiff has not shown that an actual medical order or opinion was ever issued declaring that the plaintiff could not return to work. He did not testify about such an order in his deposition and has not otherwise shown that such an order existed. Further, there is no evidence that the Defendant knew about or was provided with any type of medical order declaring that the plaintiff could not return to work, if one was issued, prior to the plaintiff's termination.[2]

When a motion for summary judgment is made and properly supported under Rule 56 of the Federal Rules of Civil Procedure, such as the motion filed by the defendant, the non-moving party must respond with affirmative evidence supporting his claims and establishing the existence of a genuine issue of material fact. See Celotex Corp., 477 U.S. at 323-24; Chao v. Hall Holding Co., Inc., 285 F.3d 415, 424 (6th Cir. 2002); Cloverdale Equip. Co. v. Simon Aerials, Inc., 869 F.2d 934, 937 (6th Cir. 1989). Although the plaintiff is proceeding pro se, his pro se status does not relieve

---

[2] To the extent that the plaintiff asserts that documents were removed from his medical records at NorthCrest, he has not identified any such documents, provided any evidence supporting the assertion that the defendant was involved in any document removal, or shown how the removed document could help prove the elements of his claim.

him of the obligation under Rule 56 of the Federal Rules of Civil Procedure to set forth admissible evidence showing that genuine issues of material fact exist which require that the action proceed to trial. This is the threshold requirement for all non-moving parties when summary judgment is sought by an opposing party. Sixty Ivy St. Corp. v. Alexander, 822 F.2d 1432, 1435 (6th Cir. 1987).

The plaintiff has simply failed to support his claim with even a minimal level of probative evidence. After review of the parties' summary judgment filings and the entire record, the Court finds that the defendant's motion for summary judgment should be granted. Genuine issues of material fact do not exist and there is insufficient evidence before the Court upon which any reasonable jury could find in favor of the plaintiff on his claim. Because the Court finds that the evidence presented to the Court fails to support the essential elements of the plaintiff's claim, there is no reason to address the defendant's alternative argument for dismissal based on after acquired evidence.

## RECOMMENDATION

Based on the foregoing, the Court respectfully RECOMMENDS that the motion for summary judgment (Docket Entry No. 62) filed by Defendants Martinrea Fabco Automotive Structures (USA), Inc. be GRANTED and this action be DISMISSED WITH PREJUDICE.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of the Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation.

See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

        Respectfully submitted,

        */s/ Juliet Griffin*
        JULIET GRIFFIN
        United States Magistrate Judge